IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA,

    Plaintiff,                                     No. CIV S-05-1434 LKK GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        As a preliminary matter, before this court can make the determination whether plaintiff can proceed in forma pauperis, it is necessary that his complaint reflect the actual number of lawsuits he has brought while a prisoner and that he has set forth each case with its respective disposition. Plaintiff signed both his complaint and his application to proceed in forma pauperis by a prisoner under penalty of perjury, file-stamped July 18, 2005,[1] on July 11,

---

[1] Plaintiff filed a subsequent in forma pauperis application on August 1, 2005 (file-stamped July 29, 2005).

1

2005 and March 21, 2005, respectively.  While plaintiff answered "yes" to the question of whether he had filed any other lawsuit, his response to the question "how many" was a non sequitur, the single word "published."  Plaintiff then goes on to identify only one case: <u>Oluwa v. Gomez</u>, 133 F.3d 1237(9th Cir. 1998).[2]  Court records, however, of which the undersigned takes judicial notice,[3] indicate that, at the time of filing the instant action, plaintiff had previously filed in the United States District Court, Eastern District of California, alone no less than twenty-two (22) cases.  Thus, plaintiff has failed to truthfully declare the actual number of cases he has filed prior to filing this action.   It may be that plaintiff has failed altogether to identify truthfully the number of previous cases he has brought, and the disposition thereof, because of the bar to proceeding in forma pauperis in a civil action or on an appeal as a prisoner if a civil action or appeal he/she has brought, while incarcerated, on three or more prior occasions has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted (absent a showing of imminent danger of serious physical injury).  <u>See</u> 28 U.S.C. § 1915(g).

Plaintiff must, within twenty days of the filed date of this order, show cause why this court should not impose the sanction of dismissal pursuant to Fed. R. Civ. P. 11(c)(1)(B) for violation of Fed. R. Civ. P. 11(b).  In addition, plaintiff must indicate the disposition of each of the cases he brought prior to the instant action.   Failure to respond timely to this order will result in a recommendation of dismissal with prejudice of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff must show cause why, within twenty days of the filed date of this order, this court should not impose the sanction of dismissal, under Fed. R. Civ. P. 11(c)(1)(B)

---

[2] The court also notes that plaintiff has filed this complaint, apparently improperly, under a different last name from that of the plaintiff in the only prior case which he has identified as his.

[3] A court may take judicial notice of court records.  <u>See</u> <u>Barron v. Reich,</u> 13 F.3d 1370, 1377 (9th Cir. 1994); <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1  for violation of Fed. R. Civ. P. 11(b), for plaintiff's failure to declare truthfully the number of
2  cases he had filed prior to filing this action; and
3             2. Plaintiff must identify the disposition of each of the lawsuits he has filed as a
4  prisoner (no less than 22) prior to this action.
5  DATED: 1/9/06                    /s/ Gregory G. Hollows
6                                   _____
                                    UNITED STATES MAGISTRATE JUDGE
   GGH:009
7  gamb1434.osc