IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA,

    Plaintiff,  No. CIV S-05-1434 LKK GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Plaintiff is a state prisoner proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. As noted in its January 9, 2006, show cause order, this proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The undersigned directed plaintiff to show cause, prior to being able to make a determination whether plaintiff could proceed in forma pauperis, why his complaint failed to reflect the actual number of lawsuits he has brought while a prisoner. <u>See</u> <u>Order</u>, filed on January 9, 2006. Plaintiff was further ordered to set forth each case with its respective disposition.

\\\\\

\\\\\

1

Having noted that plaintiff signed both his complaint and his application to proceed in forma pauperis by a prisoner under penalty of perjury, file-stamped July 18, 2005,[1] on July 11, 2005 and March 21, 2005, respectively, the court observed that while plaintiff responded in the affirmative to the question of whether he had filed any other lawsuit, his response to the question "how many?" produced the single word "published," a non sequitur.

Plaintiff went on to identify only one case: Oluwa v. Gomez, 133 F.3d 1237(9th Cir. 1998).[2] Court records, however, indicated that, at the time of filing the instant complaint, plaintiff had previously filed in the United States District Court, Eastern District of California, alone no less than twenty-two (22) cases. The court opined that perhaps plaintiff had failed to truthfully declare the actual number of cases he had filed prior to filing this action and their disposition because of the bar to proceeding in forma pauperis in a civil action or on an appeal as a prisoner if a civil action or appeal he/she has brought, while incarcerated, on three or more prior occasions has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted (absent a showing of imminent danger of serious physical injury). See 28 U.S.C. § 1915(g).

Plaintiff was initially granted twenty days to show cause why this court should not impose the sanction of dismissal pursuant to Fed. R. Civ. P. 11(c)(1)(B) for violation of Fed. R. Civ. P. 11(b), and to indicate the disposition of each of the cases he brought prior to the instant action. Thereafter, by Order, filed on February 16, 2006, plaintiff was granted a thirty-day extension of time to file his response. Although plaintiff filed a response, it is not particularly satisfactory. For example, plaintiff replies in speculative fashion:

\\\\\

---

[1] Plaintiff filed a subsequent in forma pauperis application on August 1, 2005 (file-stamped July 29, 2005).

[2] The court also notes that plaintiff has filed this complaint, apparently improperly, under a different last name from that of the plaintiff in the only prior case which he has identified as his.

> It may be that Ras has to date failed altogether to identify completely the number of previous actions he has brought, and the disposition thereof, because Ras simply does not have access to his litigation histories manuscript files, which files were confiscated by custodial staff and has [sic] yet to be returned to Ras.

Response to Show Cause Order, filed on March 16, 2006, p. 2.

Plaintiff should certainly know whether or not the reason he has failed to identify the cases, which he still has not done in his response, in addition to continuing to fail to set forth any dispositions thereof, is because he does not have the litigation history before him. However, even assuming plaintiff intended his response to be more affirmatively expressed, it still does not explain his total failure to provide the court with anything like an accurate number of the cases he had filed prior to filing the instant action, when, under penalty of perjury, he filed the instant action. Identifying one case as having been previously brought, whether plaintiff has the documents of his many past or current cases before him or not, when he had brought at least 22 prior cases, is completely misleading and a wholesale misrepresentation on the face of it.

Plaintiff also misunderstood the significance of misrepresenting the number of prior actions; he appears to believe that the only basis upon which the court would dismiss this action would be his having brought three or more prior actions that would constitute strikes under 28 U.S.C. § 1915, precluding him from proceeding in forma pauperis in this action. However, that is simply not the case. Plaintiff was cautioned that his failure to show cause could result in the sanction of dismissal of this action, under Fed. R. Civ. P. 11(c)(1)(B), for violation of Fed. R. Civ. P. 11(b). By presenting a pleading to the court, "an attorney or an unrepresented party is certifying that to the best of the person's knowledge, information, and belief" .... after a reasonable inquiry, that the claims therein are warranted; in other words, a party may not knowingly mislead the court. Fed. R. Civ. P. 11(b).[3]

---

[3] Fed. R. Civ. P. 11(c)(1)(B) sets forth that:
"On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing a...party to show cause why it has not violated

1    Plaintiff goes far afield, throwing up various red herrings, blaming prison officials
2 for his lack of "gainful employment or education or vocational training or work assignment...."
3 leading to his lack of an income. Response, p. 3. He further claims that he "is intentionally kept
4 in prison and in poverty as a form of overt discrimination against a second degree murderer...."
5 Id. Plaintiff seeks to bootstrap the gravamen of the instant complaint, concerning his alleged
6 entitlement since December of 1989 to a release date hearing (separate from a parole suitability
7 hearing) onto his explanation for failing to be truthful to this court. Plaintiff suggests that the
8 court expend its resources, cull through his many prior cases, determine whether or not he has
9 had three or more cases dismissed as frivolous, malicious or for failure to state a claim, and, if so,
10 he then, rather outrageously, seeks an opportunity to amend so that he might craft allegations,
11 that would somehow allow him to proceed under the imminent danger of serious physical injury
12 exception of 28 U.S.C. § 1915(g), even though his original allegations, on the face of it, do not
13 lend themselves in any way to such an exception.

14    Plaintiff was directed to show cause for his failure to truthfully declare the number
15 of cases he has previously brought. Plaintiff has completely failed to do so. Notwithstanding,
16 the court will not recommend summary dismissal on the ground that he has failed to discharge
17 the show cause order and has violated Fed. R. Civ. P. 11(b); rather, the court has now reviewed
18 the allegations of the complaint, without having granted plaintiff in forma pauperis status, and
19 now recommends summary dismissal of this action because it is entirely duplicative of an action
20 which is already proceeding in this court, <u>Oluwa v. Director of California Dept. of Corrections, et
21 al.</u>, CIV S-04-0233 MCE GGH P, of which this court takes judicial notice.[4] In that action,
22 plaintiff alleges that the defendant CDC Director has failed to follow state law in keeping

---

subdivision (b) with respect thereto."

[4] A court may take judicial notice of court records. See <u>Barron v. Reich,</u> 13 F.3d 1370, 1377 (9th Cir. 1994); <u>MGIC Indem. Co. v. Weisman,</u> 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson,</u> 631 F.2d 118, 119 (9th Cir. 1980).

1  accurate and updated records regarding his sentence and has not transmitted accurate records to
2  the Board of Prison Terms, the only agency authorized to release plaintiff, resulting in plaintiff's
3  "false imprisonment." See Complaint in Case No. CIV S-O4-0233, at pp. 3-3(a). Plaintiff
4  claims therein, under his indeterminate sentence, that he is entitled, to a term-setting hearing
5  pursuant to state law and directives, if an accurate records review were conducted. Complaint, p.
6  3(a). Plaintiff further alleges that the defendant (and defendant's agents) conducted a
7  computation review hearing at the third level of an inmate appeal and failed to abide by
8  "Chairman R.K. Procunier's 75/30 Directive," such that plaintiff was not scheduled for a term-
9  setting hearing and the Board of Prison Terms was not convened. Id. Plaintiff seeks money
10 damages and injunctive relief.

11          In the instant action, plaintiff sets forth almost precisely the same allegations,
12 once again naming the CDC Director as a defendant, with the only difference being the addition
13 of the Governor as a defendant.   Plaintiff might have sought leave to amend the prior action to
14 add an additional party,[5] but may not squander this court's resources by proceeding in two
15 separate complaints on virtually identical allegations, seeking the same relief, against the same
16 party, but with one additional defendant.

17          Accordingly, IT IS RECOMMENDED that this action be summarily dismissed as
18 duplicative.
19 \\\\\
20 \\\\\
21 \\\\\
22 \\\\\
23 \\\\\
24 \\\\\

---

[5] That is not to say that any such request would necessarily be granted.

5

1       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/28/06

                /s/ Gregory G. Hollows

                UNITED STATES MAGISTRATE JUDGE

GGH:009
gamb1434.fr